UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN DEXTER,

    Plaintiff,

v.                                         Case No:   2:13-cv-613-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.

## OPINION AND ORDER

This cause is before the Court on Plaintiff, Steven Dexter's Complaint (Doc. 1) filed on August 21, 2013.  Plaintiff, Steven Dexter seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905.   The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2), 1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On January 22, 2010, Plaintiff filed an application for disability, disability insurance benefits and supplemental security income asserting a disability onset date of September 10, 2009. (Tr. p. 92-93, 120-133). Plaintiff's applications were denied initially on April 27, 2010, and on reconsideration on August 6, 2010. (Tr. p. 92-95). A hearing was held before Administrative Law Judge Larry J. Butler on November 1, 2011. (Tr. p. 26-42). The ALJ issued an unfavorable decision on January 6, 2012. (Tr. p. 12-20). On July 3, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on August 21, 2013. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (See, Doc. 18).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1](citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2011. (Tr. p. 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2009, the alleged onset date. (Tr. p. 14). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: diabetes mellitus with peripheral neuropathy, foot pain, degenerative disc disease of the lumbar spine, back pain, bipolar disorder, anxiety disorder, depression, and personality disorder with obsessive-compulsive and dependent personality features citing 20 C.F.R. 404.1520(c) and 416.920(c). (Tr. p. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. p. 14-15). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform a full range of medium work except that he is limited to frequent but brief interpersonal contact with others. (Tr. p. 16). The ALJ decided that Plaintiff is capable of performing his past relevant work as a building cleaner (D.O.T. 381.687-018), medium exertion, SVP2; and cashier clerk (D.O.T. 211.462-014), light exertion, SVP 3, finding that this work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity ("RFC"). To make this determination, the ALJ compared Plaintiff's RFC with the physical and

metal demands of his past relevant work as he actually performed it and as it is generally performed. The ALJ found that Plaintiff's past relevant work fell within the exertional and nonexertional limitations of his current RFC.

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II. Analysis

Plaintiff raises three issues on appeal. As stated by Plaintiff, they are:

1) The ALJ failed in his duty to make findings regarding physical and mental demands of past work before determining Plaintiff could return to his past work.

2) The ALJ's Decision is not well-reasoned or based on substantial evidence.

3) The ALJ erred by failing to consider the impact of Plaintiff's obesity in his residual functional capacity assessment.

**A.   Whether ALJ's Decision was Well-Reasoned**

Plaintiff takes issue with the ALJ's statement that he "accepts the treating, examining, and consultative medical records and the opinions within those records as they are consistent as a whole and supported by the medical evidence of record." (Tr. p. 19). Plaintiff argues that if the ALJ accepted the treating, examining and consultative medical records, then he erred by not adopting the limitations of these treating, examining and consultative physicians.  Specifically, Plaintiff asserts that Dr. Visser limited Plaintiff's social functioning and skills of independent living especially as to Plaintiff's limited ability to handle work pressure or expectations.  Additionally, Plaintiff contends that Dr. Johnson found Plaintiff to have neuropathy in both feet and was limited in standing and walking due to chronic foot and low back pain, but the ALJ failed to include these limitations in his RFC finding. Plaintiff also cites to records from Charlotte Behavioral Mental Health Center showing limitations of Plaintiff.

The Commissioner asserts that the responsibility for determining a plaintiff's RFC rests with the Commissioner.  The Commissioner argues that the ALJ considered the evidence of record and determined that Plaintiff could perform medium and light work with one additional limitation. The Commissioner contends that the ALJ considered Dr. Johnson and Dr. Visser's opinions and the limitations cited by these physicians would not prevent Plaintiff from performing medium or light work.

An ALJ is required to state with particularity the weight he gives to the medical opinions of record and the reasons why. *Shaw v. Astrue*, 392 F. App'x 684, 686 (11th Cir. 2010), (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)), See also*, McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006). Without such a statement, the reviewing court is unable to determine whether the decision of the Commissioner was supported by substantial evidence. *Id*. (citation omitted). "Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. §404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error." *Id*. (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

On March 17, 2010, Plaintiff saw Kenneth A. Visser, Ph.D., a Clinical Psychologist. (Tr. p. 356). Dr. Visser found that Plaintiff drove to the appointment, was appropriately dressed and groomed. (Tr. p. 356, 358). Plaintiff stayed seated during the interview and displayed no unusual behavior. (Tr. p. 356). Plaintiff reported that he alleged disability due to anxiety, panic attacks, bipolar disorder, hypertension, diabetes, and arthritis. (Tr. p. 356). Plaintiff did complain of back pain during the session. (Tr. p. 357). Dr. Visser found Plaintiff expressed his thoughts clearly. (Tr. p. 359). Plaintiff no longer had problems with hallucinating if using medication. (Tr. p. 359). Plaintiff complained of being depressed, and Dr. Visser found his affect was anxious. (Tr. p. 359).

Plaintiff was oriented to person, place, time and understood the purpose of the evaluation. (Tr. p. 359). Dr. Visser diagnosed Plaintiff with generalized anxiety disorder, major depression, moderate; history of anxiolytic withdrawal and hallucinations; sibling relationship problems, personality disorder with both obsessive-compulsive and dependent personality features, physical complaints, feet pain, diabetes, arthritis; psychosocial stressors; and financially dependent. (Tr. p. 360). Dr. Visser determined Plaintiff Global Assessment of Functioning ("GAF") score to be 55. (Tr. p. 360). Dr. Visser concluded that Plaintiff was able to understand and follow instructions, had no problems with concentration, liked to interact with the public, had no problems with those in authority, but had been overwhelmed in work situations in the past due to anxiety, and has a very limited ability to handle work pressure or expectations. (Tr. p. 361). Dr. Visser found Plaintiff's prognosis to be guarded, and that Plaintiff has an identity that includes a need for medication, a need for guidance from his mother, and a need for obsessive-compulsive behaviors. (Tr. p. 361)

On March 27, 2010, Plaintiff saw Daniel J. Johnson, M.D. for a medical evaluation. Plaintiff provided a history of mental health issues including bipolar disorder and chronic anxiety. (Tr. p. 365). Plaintiff reported that his anxiety was overwhelming even with medication and therapy. (Tr. p. 365). He also stated he had difficulty with anger management. (Tr. p. 365). Plaintiff also report hypertension which was under fair control, arthritis in his feet and lumbar spine, difficulty standing due to feet problems, and some pain in his thumbs. (Tr. p. 365). Plaintiff reported a history of diabetes causing some numbness at the bottom of his feet. (Tr. p. 365). Dr. Johnson found Plaintiff to be alert, pleasant, had clear speech and walked normally without any assistive devices. (Tr. p. 366). Dr. Johnson found Plaintiff to have normal range of motion of the cervical spine, paracervical muscles were somewhat tender, dorsolumbar spine had diminished

range of motion, and paralumbar muscles were tender. (Tr. p. 366). Dr. Johnson found no significant tenderness over the SI joints, and a straight leg raise was negative. (Tr. p. 366). Plaintiff had mild difficulty getting on and off the examination table, mild difficulty heel and toe walking, mild difficulty squatting, and unable to hop. (Tr. p. 366). Plaintiffs right toe was laterally deviated crossing over his second toe, and the first, second and third toes on his left foot are splayed apart, as is the second toe on his right foot. (Tr. p. 366). Dr. Johnson conducted a range of motion test. (Tr. p. 367). Dr. Johnson concluded that Plaintiff was diagnosed with bipolar disorder, anxiety, hypertension, diabetes, and arthritis. (Tr. p. 369). Dr. Johnson deferred to a psychological evaluation regarding any disability claims by Plaintiff as to any mental illness. (Tr. p. 369). Dr. Johnson found Plaintiff's hypertension to be well-controlled, diabetes was under adequate control, with no complications except for mild neuropathy in the bottom of Plaintiff's feet. (Tr. p. 369). Dr. Johnson found Plaintiff had some limitations as far as standing, walking, and lifting due to low back pain and chronic foot pain, but had full use of his hands with good strength. (Tr. p. 369).

An ALJ is required to state with particularity the weight he gives to the medical opinions of record. In this case, the ALJ made a blanket statement that he was accepting the records and opinions of the examining physicians as they are consistent with and supported by the record as a whole. In this case, the ALJ made a very broad statement accepting the medical opinions of the examining physicians which include both Dr. Visser and Dr. Johnson.

The ALJ did carefully summarize the reports of Dr. Johnson and Dr. Visser but failed to include the limitations set forth by both Dr. Visser and Dr. Johnson in these summary evaluations. Dr. Visser found Plaintiff was overwhelmed in his past work situations due to his anxiety and has a very limited ability to handle work pressure or expectations. The ALJ's only limitation in

Plaintiff's RFC for medium work was that Plaintiff was "limited to frequent but brief interpersonal contact with others." This limitation does not address Dr. Visser's opinion that Plaintiff is very limited in his ability to handle work pressure or expectations. Jobs other than those involving interpersonal contact can have pressure or expectations, and the ALJ failed to address the limitations set forth by Dr. Visser.

Dr. Johnson also set forth limitations for Plaintiff. After Plaintiff's evaluation, Dr. Johnson found that Plaintiff had some limitations relating to standing, walking and lifting due to low back pain and chronic foot pain. The ALJ accepted Dr. Johnson's opinion, yet failed to mention the physical limitations set forth by Dr. Johnson relating to Plaintiff's standing, walking, and lifting due to low back and foot pain. Medium work requires Plaintiff to be able to lift no more than 50 pounds at a time, frequent lifting of 25 pounds, and standing or walking for a total of 6 hours in an 8-hour workday. SR 83-10, 1983 WL 31251, *6 (1983). The ALJ failed to analyze how the physical limitations relating to standing, walking, and lifting affect an RFC for medium work.

The ALJ failed to address the limitations found by Dr. Johnson and Dr. Visser and how these limitations affect Plaintiff's RFC and affect Plaintiff being able to return to his past relevant work. Without the ALJ stating with particularity how the limitations set forth by Dr. Johnson and Dr. Visser affected Plaintiff's RFC finding and his ability to return to his past relevant work, the Court cannot determine whether the decision of the Commissioner is supported by substantial evidence. The Court reviewed Dr. Visser's and Dr. Johnson's records and opinions carefully, and finds that the ALJ did not discuss the limitations mentioned by these two doctors.[2] Therefore,

---

2 In addition, Plaintiff asserts that other limitations were included in the records from Charlotte Behavior Health Care. The Court finds that reviewing Dr. Visser's and Dr. Johnson's records was sufficient to make a determination as to whether the ALJ erred.

the Court finds that the ALJ erred in failing to mention the limitations set forth by Dr. Visser and Dr. Johnson, and how these limitations may or may not affect Plaintiff's RFC and Plaintiff's ability to return to his past relevant work, and this issue should be remanded for the ALJ to consider and make a finding as to whether the limitations mentioned in all of the medical records would affect Plaintiff's RFC finding and his ability to return to his past relevant work.

### B. Physical and Mental Demands of Past Work

Plaintiff argues that the ALJ erred in failing to set forth the physical and mental demands of Plaintiff's past work to determine if he was able to return to his past relevant work of industrial cleaner and cashier clerk. Plaintiff argues that the ALJ should have obtained the testimony of a vocational expert to determine if Plaintiff was able to perform his past relevant work. The Commissioner asserts that Plaintiff has the burden of proving he is unable to return to his past relevant work, and a vocational expert was not required.

A plaintiff bears the burden of showing that he can no longer perform her past relevant work as he actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A

the Court finds that the ALJ erred in failing to mention the limitations set forth by Dr. Visser and Dr. Johnson, and how these limitations may or may not affect Plaintiff's RFC and Plaintiff's ability to return to his past relevant work, and this issue should be remanded for the ALJ to consider and make a finding as to whether the limitations mentioned in all of the medical records would affect Plaintiff's RFC finding and his ability to return to his past relevant work.

### B. Physical and Mental Demands of Past Work

Plaintiff argues that the ALJ erred in failing to set forth the physical and mental demands of Plaintiff's past work to determine if he was able to return to his past relevant work of industrial cleaner and cashier clerk. Plaintiff argues that the ALJ should have obtained the testimony of a vocational expert to determine if Plaintiff was able to perform his past relevant work. The Commissioner asserts that Plaintiff has the burden of proving he is unable to return to his past relevant work, and a vocational expert was not required.

A plaintiff bears the burden of showing that he can no longer perform her past relevant work as he actually performed it, or as it is performed in the general economy. *Waldrop v. Comm'r. of Soc. Sec.*, 379 F. App'x. 948, 953 (11th Cir. 2010) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986)). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments. *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x. 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A

finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62, 1982 WL 31386 *4 (1982). A plaintiff is the primary source for vocational information, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id*. at *3.

An ALJ must consider all of the duties of a plaintiff's past relevant work and evaluate a plaintiff's ability to perform that work in spite of his impairments. *Levie v. Comm. of Soc. Sec.*, 514 Fed. App'x. 829, 830 (11th Cir. 2013). At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work. *Id*. *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007).

The Court determined above that the ALJ erred in finding that Plaintiff has the ability to perform medium work without considering the limitations mentioned by Plaintiff's treating and examining physicians. To determine if Plaintiff is able to return to his past relevant work, an ALJ must make an RFC finding, and in this case, the issue of the RFC finding is being remanded. Further, the second step is to determine the physical and mental demands of Plaintiff's past relevant work. The best source for the demands is Plaintiff's own testimony. The ALJ in this case relied on the Dictionary of Occupational Titles ("DOT") when listing Plaintiff's past relevant work. The Commissioner then cited to the definitions listed in the DOT to support the ALJ decision that Plaintiff could return to his past relevant work. The ALJ, however, never cited to Plaintiff's testimony at the hearing as to the physical and mental demands of his past relevant work as a clerk cashier or apartment cleaner and never mentioned the physical or mental requirements listed in the DOT for these positions. Further, the ALJ failed to set forth how the limitation of frequent but brief interpersonal contact with others would affect the physical and mental demands of Plaintiff's

past relevant work. Therefore, the Court will remand the issue of whether Plaintiff can return to his past relevant work to require the Commissioner to set forth the physical and mental demands of Plaintiff's past relevant work.[3]

### C. Obesity

Plaintiff argues that the ALJ erred in failing to determine the impact of Plaintiff's obesity on his RFC. The Commissioner responds that Plaintiff failed to show that his moderate obesity would prevent the performance of his past relevant work. An ALJ must consider obesity as an impairment when evaluating a claimant's disability. SSR 02-1P, 2000 WL 628049 (Sept. 12, 2000). In this case, however, the Court only found mention of Plaintiff's BMI on July 1, 2009 with a BMI of 30. On March 27, 2010, Dr. Johnson noted Plaintiff's height of 71" and weight of 232 lbs., but there was no diagnosis or finding of obesity. Plaintiff failed to cite to any diagnosis in the record for obesity, or any mention by any physician of a limitation due to Plaintiff's weight. Without any medical record or opinion to substantiate Plaintiff's claim of obesity, the Court finds that the ALJ did not err in failing to consider the impact of Plaintiff's alleged obesity on his residual functional capacity.

---

[3] Plaintiff also asserts that the ALJ erred in failing to obtain the testimony of a vocational expert. At Step 4 of the sequential evaluation process, a plaintiff bears the burden to establishing that her RFC precludes her from returning to her past relevant work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005). The ALJ has a duty, in some circumstances, to obtain the testimony of a vocational expert at Step 5 of the sequential evaluation process, only after it is determined that plaintiff cannot return to her past relevant work. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When an ALJ concludes that a plaintiff can perform her past relevant work, vocational expert testimony is not necessary. *Bliss v. Comm'r of Soc. Sec.*, 254 Fed. App'x 757, 758 (11th Cir. 2007). In this case, he ALJ did not err in failing to elicit the testimony of a vocational expert because he found Plaintiff could return to his past relevant work.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence with the exception of the issue concerning obesity.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the opinions of the physicians of record and determine if Plaintiff's residual functional capacity will allow him to return to his past relevant work, and if not, to proceed to step 5 of the sequential evaluation process.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE** and **ORDERED** in Fort Myers, Florida on March 24, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties